UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH D. UNDERWOOD, and all others similarly situated, ) ) ) Plaintiffs, ) ) No. 16 C 7829 v. ) ) Judge Sara L. Ellis ) EXPERIAN INFORMATION SOLUTIONS, ) INC., TRANS UNION, LLC, and EQUIFAX ) INFORMATION SERVICES, LLC, ) ) Defendants. ) | |

## OPINION AND ORDER

Believing that Defendants Equifax Information Services, LLC ("Equifax"), Trans Union, LLC, and Experian Information Solutions misreported his child support payments as delinquent, Plaintiff Joseph Underwood filed suit under the Fair Credit Reporting Act ("FCRA"), 16 U.S.C. § 1681 *et seq.* Underwood brings claims under 15 U.S.C §§ 1681e(b) and 1681i, arguing that Equifax has failed to ensure maximum possible accuracy in his consumer report and that Equifax failed to adequately investigate and correct Underwood's consumer report when Underwood disputed the accuracy of the report. Equifax moves to dismiss [30] Underwood's complaint, arguing that it received the information about Underwood's purported child support delinquencies from the Texas Attorney General's Office ("OAG"), and that pursuant to 15 U.S.C. § 1681s-1, Equifax is required to include in consumer reports any information it receives from state enforcement agencies regarding child support delinquencies.[1] Therefore, Equifax argues, it cannot be liable under other sections of the FCRA for complying with another

---

[1] Defendants Trans Union, LLC, and Experian Information Solutions, Inc., have filed motions for judgment on the pleadings [41, 44], which are currently pending.

mandatory provision of the FCRA. Equifax alternatively moves to dismiss Underwood's willfulness claim because Underwood has failed to plead that Equifax acted willfully.

Because § 1681s-1 requires consumer reporting agencies ("CRAs") to include any information they receive from state enforcement agencies regarding child support delinquencies, and Underwood has alleged that the delinquencies on his consumer report from Equifax originated from OAG, Equifax cannot be liable for violations of other sections of the FCRA based on actions it took to comply with a mandatory provision of the FCRA. The Court, therefore, grants Equifax's motion to dismiss.

## BACKGROUND[2]

Underwood has a child support obligation that he is required to satisfy by making payments to the OAG. He pays his child support obligation through automatic deductions from his wages, which he receives every two weeks from his employer. He, therefore, makes 26 such payments each calendar year. Depending upon how his biweekly pay periods align with the calendar, he receives either two or three paychecks per month. Underwood's annual child support obligations are divided equally among his 26 pay periods, meaning the OAG deducts the same amount from each check regardless of whether there are two or three pay periods in a given month. As a result, in the months where he only has two paychecks, the OAG reports his child support payments as late because the amount of money deducted from two paychecks is insufficient to satisfy the amount OAG has allocated as owed by Underwood on a per-month basis. This happens even though the 26 payments Underwood makes over the course of a year satisfy his total annual child support obligation.

---

[2] The facts in the background section are taken from Underwood's complaint and are presumed true for the purpose of resolving the Rule 12(b)(6) challenges. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

On September 23, 2015, Underwood received a notification that his consumer report with Equifax included a "30-day late" entry for September 2015 for Underwood's OAG account. Upon learning of the late entry, Underwood filed a complaint with OAG. He promptly received a telephone call from OAG confirming that his account was current. The OAG representative instructed Underwood to file a complaint with the CRAs to resolve the discrepancy.

On October 16, 2015, Underwood filed a complaint with all three defendant CRAs, including Equifax, disputing the accuracy of the September 2015 late entry on his OAG account. Equifax conducted a review and as a result deleted the late entry on Underwood's OAG account. After this revision, Equifax added seven additional late designations to Underwood's OAG account, for November and December 2014, January, February, July, and August 2015, and January 2016.

In February 2016, Underwood filed another complaint with OAG. An OAG representative, Connie Lauer, contacted Underwood on February 29, 2016, and she promised to investigate Underwood's complaint. Lauer conducted an internal review of Underwood's account and telephoned him with her findings. Specifically, she informed Underwood that because of his biweekly pay schedule, he was not meeting his child support obligations for months where he only received two paychecks, even though he met his total obligation for the year. Lauer informed Underwood that this may be the reason for the late designations on his account.

In an attempt to address this issue, Underwood manually paid his projected February 2016 shortfall. He did the same thing for March, April, and May 2016. These payments were on top of his regularly scheduled automatic withdrawals. However, despite making these payments,

the OAG online payment portal delayed actually processing the payments. Therefore, some of the Defendants still reported a late payment for some of those months.

Underwood followed up with Lauer and notified her that he continues to have late payments on his consumer report. Finally, on March 31, 2016, Lauer informed Underwood that OAG's credit reporting division confirmed to her that OAG is reporting Underwood's account correctly to the CRAs and she closed his complaint.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability

4

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

Equifax moves to dismiss the complaint arguing that because, pursuant § 1681s-1, it is required to include in "any consumer report furnished by the [CRA] in accordance with section 1681b of this title, any information on the failure of the consumer to pay overdue support which is provided to the [CRA] by a State or local child support enforcement agency," 15 U.S.C. § 1681s-1, it cannot be held liable under other sections of the FCRA based on its compliance with § 1681s-1. Equifax argues that because it received the information about Underwood's child support account with OAG being overdue directly from OAG, § 1681s-1 requires Equifax to include it in Underwood's consumer report. Therefore, Equifax argues, Underwood cannot bring a claim against Equifax under §§ 1681e(b) and 1681i for complying with § 1681s-1.

Underwood does not contest Equifax's assertion that compliance with § 1681s-1 immunizes it from suit under other sections of the FCRA; rather, he contends that the allegations of the complaint do not establish that Equifax received the relevant information from OAG or that Underwood's child support obligations were at any point overdue. Because the complaint conclusively establishes that the complained of late entries originated with OAG and OAG communicated those entries to Equifax, and because the complaint also alleges facts establishing that Underwood was at multiple points overdue on his child support obligations, Underwood's arguments fail.

Underwood's complaint details his interactions with OAG to attempt to rectify what he considers improper accounting of his child support obligations. In so doing, Underwood tells a story that can only be read one way. Because of the biweekly structure of his automatic

5

withdrawals, Underwood fails to satisfy his monthly child support obligations during every month in which he is only paid twice.  Underwood alleges that "his child support payments are reported as 'late' because the money that OAG is allocating as owed by [Underwood] on a per-month basis is not satisfied in those months."  Doc. 1 ¶ 30.  Underwood has contested this characterization of his payment status with OAG and informed OAG that it is negatively impacting his credit, and OAG, after investigation, has determined that it is reporting the status of Underwood's account accurately to the CRAs and refuses to take further action.  Underwood now asserts that these allegations do not establish that OAG is the source of the CRAs' information on his late child support payments.  The Court disagrees.  Although Underwood could have drafted a clearer complaint, his allegations fully establish that the CRAs, including Equifax, obtained the information regarding Underwood's OAG account from OAG.

The complaint also alleges that Underwood's OAG account was overdue on several occasions.  Underwood contests the method by which OAG determined that his account was overdue, but this does not change that fact that at several points during the relevant time period, Underwood's OAG account was overdue and his allegations plead as much.  For example, Underwood alleges that "in certain months where Plaintiff receives only two paychecks, his child support payments are reported as 'late' because the money that OAG is allocating as owed by Plaintiff on a per-month basis is not satisfied in those months."  Doc. 1 ¶ 30.  Underwood also states that during his discussions with Lauer, the OAG representative, she told him that "by virtue of [his] bi-weekly pay schedule, his child support obligations were not being met in certain months."  *Id.* ¶ 66.  These allegations definitively establish that Underwood's OAG account was overdue at certain points, despite Underwood's contrary assertions.

6

Section 1681s-1 requires CRAs to include in consumer reports *any* information they receive from state child support enforcement agencies regarding failure to pay overdue child support. Here, the complaint establishes that Equifax received information about several months in which Underwood failed to pay his entire child monthly support obligation from OAG, which is the agency responsible for enforcement of child support collections in Texas. Therefore, pursuant to § 1681s-1, Equifax was required to include this information in its consumer report on Underwood. Underwood now seeks to hold Equifax liable under §§ 1681e(b) and 1681i on the basis of including this information in his consumer report. But Equifax "cannot be held liable under two FCRA provisions (§ 1681e(b) and § 1681i) for reporting information that a third FCRA provision (§ 1681s-1) required [it] to report." *Johnson v. Trans Union, LLC*, No. 10 C 6960, 2012 WL 983793, *6 (N.D. Ill. Mar. 22, 2012). Therefore, the Court grants Equifax's motion to dismiss the complaint. And because this completely disposes of Underwood's complaint with respect to Equifax, the Court need not reach Equifax's willfulness argument.

## CONCLUSION

For the foregoing reasons the Court grants Equifax's motion to dismiss [30] the complaint.

Dated: April 5, 2017

_____
SARA L. ELLIS
United States District Judge